# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| JOHN WILLIE STONE, | ) |
|     *Petitioner*, | ) Case No. 4:19-cv-75 |
| v. | ) Judge Travis R. McDonough |
| KEVIN GENOVESE, | ) Magistrate Judge Susan K. Lee |
|     *Respondent* | ) |

## MEMORANDUM OPINION

This action is a *pro se* prisoner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On October 5, 2020, the United States Postal Service returned as undeliverable an order that the Court attempted to mail to Petitioner, with a notation indicating that Petitioner was no longer at the only address Petitioner provided to the Court (Doc. 19). Petitioner has not filed any notice of change of address or otherwise communicated with the Court since the return of this mail. Accordingly, for the reasons set forth below, this action will be **DISMISSED** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that

> failure to cooperate could lead to dismissal; and (4) whether less
> drastic sanctions were imposed or considered before dismissal was
> ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Petitioner's failure to update his address with the Court is due to Plaintiff's willfulness or fault. The Court previously warned Petitioner that he is required to update as to any change in address within fourteen days and that failure to do so may result in dismissal of this action (Doc. 9, at 1; Doc. 10, at 2). As to the second factor, the Court finds that Petitioner's failure to update his address has not prejudiced Respondent, but notes that without an address for Petitioner, neither the Court nor Respondent can communicate with Petitioner about this case. As to the third factor, the Court specifically warned Petitioner that failure to update the Court regarding any change of address within fourteen days may result in dismissal of this action (Doc. 9, at 1; Doc. 10, at 2). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Petitioner has failed to notify the Court of a change of address and the Court has no way to contact him about this case.

Accordingly, this action will be **DISMISSED** pursuant to Rule 41(b). *See Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991) (noting that "while pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer").

The Court must now decide whether to grant Petitioner a certificate of appealability ("COA"). A COA should issue where a petitioner makes a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on a

2
Case 4:19-cv-00075-TRM-SKL   Document 20   Filed 10/26/20   Page 2 of 3   PageID #: 860

procedural basis without reaching the underlying claim, a COA should only issue if "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court is dismissing this petition because Petitioner failed to prosecute this action, a procedural ground. Reasonable jurists could not find that this dismissal is debatable or wrong. Accordingly, a certificate of appealability shall not issue. Additionally, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Fed. R. App. P. 24.

**AN APPROPRIATE ORDER WILL ENTER.**

**ENTER:**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**